Michael B. Himmel
Matthew M. Oliver
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068
(973) 597-2500

Errol Copilevitz
William E. Raney
COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, MO 64108
(816) 472-9000

Of Counsel

*Attorneys for Defendants*
*Civic Development Group, LLC,*
*Scott Pasch and David Keezer*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>CIVIC DEVELOPMENT GROUP, LLC,<br>SCOTT PASCH, and<br>DAVID KEEZER,<br><br>Defendants. | Civil Action No. 07-4593 (FSH) (PS) |

**DEFENDANT SCOTT PASCH'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND**

Defendant Scott Pasch ("Pasch"), by and through his undersigned attorneys, answers the Complaint For Civil Penalties, Consumer Redress, Injunctive And Other Relief (the "Complaint") as follows:

1. Pasch admits that Plaintiff purports to assert claims as described in paragraph 1 of the Complaint, but denies that he violated the Commission Order and/or the Telemarketing Sales Rule.

## JURISDICTION AND VENUE

2. The allegations contained in paragraph 2 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is required, Pasch denies the allegations set forth in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is required, Pasch denies the allegations set forth in paragraph 3 of the Complaint.

## DEFENDANTS

### Defendant Civic Development Group, LLC

4. Pasch admits the allegations contained in paragraph 4 of the Complaint.

5. Pasch admits the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint purport to summarize and characterize the Commission Order, and thus no response is required; to the extent a response is required, the Commission Order speaks for itself, and Pasch denies any characterizations inconsistent therewith.

### Defendant David Keezer

7. Pasch admits the allegations contained in paragraph 7 of the Complaint.

8. Pasch denies the allegations contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint purport to summarize and characterize the Commission Order, and thus no response is required; to the extent a response is required, the Commission Order speaks for itself, and Pasch denies any characterizations inconsistent therewith.

10. Pasch lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph 10 of the Complaint and, therefore, denies that allegation.

**Defendant Scott Pasch**

11. Pasch admits the allegations contained in paragraph 11 of the Complaint.

12. Pasch denies the allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint purport to summarize and characterize the Commission Order, and thus no response is required; to the extent a response is required, the Commission Order speaks for itself, and Pasch denies any characterizations inconsistent therewith.

14. Pasch admits the allegations contained in paragraph 14 of the Complaint.

15. Pasch admits that he and Civic Development Group, LLC ("CDG") have transacted business in this district, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint and, therefore, denies them.

**COMMERCE**

16. The allegations contained in paragraph 16 of the Complaint are statements and/or legal conclusions to which no response is required. To the extent a response is required, Pasch denies the allegations set forth in paragraph 16 of the Complaint.

**PRIOR COMMISSION PROCEEDING**

17. The allegations contained in paragraph 17 of the Complaint purport to summarize and characterize the Commission's 1998 Complaint and the Commission Order, and thus no response is required; to the extent a response is required, the 1998 Complaint and the Commission Order speak for themselves, and Pasch denies any characterizations inconsistent therewith.

18. The allegations contained in paragraph 18 of the Complaint purport to summarize and characterize the Commission Order, and thus no response is required; to the extent a response is required, the Commission Order speaks for itself, and Pasch denies any characterizations inconsistent therewith.

19. Pasch admits that CDG offers various services to nonprofit organizations in the United States and in Canada, but denies the remainder of the allegations contained in paragraph 19 of the Complaint. To the extent the allegations in this paragraph purport to characterize the services offered by CDG as "telemarketing" or "professional fundraising services," Pasch states that these allegations are statements and/or legal conclusions to which no response is required.

20. Pasch admits that starting in 2004, CDG began to offer consulting services to current and potential clients, but denies the remainder of the allegations contained in paragraph 20 of the Complaint. To the extent the allegations contained in paragraph 20 of the Complaint

purport to characterize the contracts between CDG and its clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

21. Pasch denies the allegations contained in paragraph 21 of the Complaint.

22. Pasch denies the allegations contained in paragraph 22 of the Complaint as the term "PMC Contract" is not adequately defined to identify any specific contractual arrangement. Pasch admits that CDG has entered into separate contracts with various nonprofit entities, which contracts contain specific and unique terms. To the extent the allegations contained in paragraph 22 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

23. Pasch denies the allegations contained in paragraph 23 of the Complaint as the term "PMC arrangement" is not adequately defined to identify any specific contractual arrangement. Pasch admits that CDG has entered into separate contracts with various nonprofit entities, which contracts contain specific and unique terms. To the extent the allegations contained in paragraph 23 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

24. Pasch denies the allegations contained in paragraph 24 of the Complaint as the term "PMC arrangement" is not adequately defined to identify any specific contractual arrangement. Pasch admits that CDG has entered into separate contracts with various nonprofit entities, which contracts contain specific and unique terms. To the extent the allegations contained in paragraph 24 of the Complaint purport to characterize the separate contracts

between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

25. Pasch denies the allegations contained in paragraph 25 of the Complaint, as CDG provides unique services to each of its clients and the allegations in this paragraph do not identify any specific contractual arrangement or client relationship which may or may not include these services. To the extent the allegations contained in paragraph 25 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

26. Pasch denies the allegations contained in paragraph 26 of the Complaint as the term "PMC arrangement" is not adequately defined to identify any specific contractual arrangement. Pasch admits that CDG has entered into separate contracts with various nonprofit entities, which contracts contain specific and unique terms. To the extent the allegations contained in paragraph 26 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

27. Pasch denies the allegations contained in paragraph 27 of the Complaint as CDG provides unique services to each of its clients and the allegations in this paragraph do not identify any specific contractual arrangement or client relationship which may or may not include these services. To the extent the allegations contained in paragraph 27 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

28. Pasch denies the allegations contained in paragraph 28 of the Complaint as the term "PMC Contract" is not adequately defined to identify any specific contractual arrangement.

Pasch admits that CDG has entered into separate contracts with various nonprofit entities, which contracts contain specific and unique terms. To the extent the allegations contained in paragraph 28 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, Pasch states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

29. Pasch admits that CDG's nonprofit clients have selected FPS to process donations, but denies the remainder of the allegations contained in paragraph 29 of the Complaint.

30. Pasch admits the allegations contained in paragraph 30 of the Complaint.

31. Pasch admits the allegations contained in paragraph 31 of the Complaint.

32. Pasch denies the allegations contained in paragraph 32 of the Complaint.

33. Pasch admits that FPS opens certain commercial mailboxes pursuant to contracts between FPS and FPS's nonprofit clients, but denies the remainder of the allegations contained in paragraph 33 of the Complaint.

34. Pasch denies the allegations contained in paragraph 34 of the Complaint.

35. Pasch admits that FPS deposits donations in bank accounts pursuant to contracts between FPS and FPS's nonprofit clients, but denies the remainder of the allegations contained in paragraph 35 of the Complaint.

36. Pasch admits that the contracts between FPS and FPS's nonprofit clients authorize FPS to distribute funds pursuant to contracts between the nonprofits and CDG. To the extent the allegations contained in paragraph 36 of the Complaint purport to characterize the separate contracts between CDG and its nonprofit clients, CDG states that those contracts speak for themselves, and denies any characterizations inconsistent therewith.

37. Pasch admits that FPS acts as the banking agent for FPS's nonprofit clients pursuant to contracts between FPS and FPS's nonprofit clients, but denies the remainder of the allegations contained in paragraph 37 of the Complaint.

38. Pasch denies the allegations contained in paragraph 38 of the Complaint.

39. Pasch admits that FPS distributes funds pursuant to contracts between FPS and FPS's nonprofit clients, but denies the remainder of the allegations contained in paragraph 39 of the Complaint.

40. Pasch admits that FPS distributes funds pursuant to contracts between FPS and FPS's nonprofit clients, but denies the remainder of the allegations contained in paragraph 40 of the Complaint.

41. Pasch denies the allegations contained in paragraph 41 of the Complaint.

42. Pasch denies the allegations contained in paragraph 42 of the Complaint.

***Violations of Commission Order***

**Count I**

43. Pasch denies the allegations contained in paragraph 43 of the Complaint.

44. Pasch denies the allegations contained in paragraph 44 of the Complaint.

45. Pasch denies the allegations contained in paragraph 45 of the Complaint.

**Count II**

46. Pasch denies the allegations contained in paragraph 46 of the Complaint.

47. Pasch denies the allegations contained in paragraph 47 of the Complaint.

48. Pasch denies the allegations contained in paragraph 48 of the Complaint.

**Count III**

49. Pasch denies the allegations contained in paragraph 49 of the Complaint.

50. Pasch denies the allegations contained in paragraph 50 of the Complaint.

51. Pasch denies the allegations contained in paragraph 51 of the Complaint.

***Violations of the Telemarketing Sales Rule***

52. The allegations contained in paragraph 52 of the Complaint purport to summarize and characterize the Telemarketing Sales Rule and other laws, and thus no response is required; to the extent a response is required, the Telemarketing Sales Rule speaks for itself, and Pasch denies any characterizations inconsistent therewith.

53. The allegations contained in paragraph 53 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the Telemarketing Sales Rule speaks for itself, and Pasch denies any characterizations inconsistent therewith.

54. The allegations contained in paragraph 54 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the Telemarketing Sales Rule speaks for itself, and Pasch denies any characterizations inconsistent therewith.

55. The allegations contained in paragraph 55 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the Telemarketing Sales Rule speaks for itself, and Pasch denies any characterizations inconsistent therewith.

56. The allegations contained in paragraph 56 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the Telemarketing Sales Rule speaks for itself, and Pasch denies any characterizations inconsistent therewith.

57. The allegations contained in paragraph 57 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the Telemarketing Sales Rule, the Telemarketing Act, and the FTC Act speak for themselves, and Pasch denies any characterizations inconsistent therewith..

58. Pasch denies the allegations contained in paragraph 58 of the Complaint.

59. Pasch admits that he is generally aware of the Telemarketing Sales Rule, but denies the remainder of the allegations contained in paragraph 59 of the Complaint.

**Count IV**

60. Pasch denies the allegations contained in paragraph 60 of the Complaint.

61. Pasch denies the allegations contained in paragraph 61 of the Complaint.

62. Pasch denies the allegations contained in paragraph 62 of the Complaint.

**Count V**

63. Pasch denies the allegations contained in paragraph 63 of the Complaint.

64. Pasch denies the allegations contained in paragraph 64 of the Complaint.

**Count VI**

65. Pasch denies the allegations contained in paragraph 65 of the Complaint.

66. Pasch denies the allegations contained in paragraph 66 of the Complaint.

**Count VII**

67. Pasch denies the allegations contained in paragraph 67 of the Complaint.

68. Pasch denies the allegations contained in paragraph 68 of the Complaint.

**CONSUMER INJURY**

69. Pasch denies the allegations contained in paragraph 69 of the Complaint.

**CIVIL PENALTIES, REDRESS, INJUNCTIVE AND OTHER EQUITABLE RELIEF FOR ORDER AND RULE VIOLATIONS**

70. The allegations contained in paragraph 70 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the referenced statutes speak for themselves, and Pasch denies any characterizations inconsistent therewith.

71. The allegations contained in paragraph 71 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the referenced statutes speak for themselves, and Pasch denies any characterizations inconsistent therewith.

72. The allegations contained in paragraph 72 of the Complaint are statements and/or legal conclusions to which no response is required; to the extent a response is required, the referenced statutes speak for themselves, and Pasch denies any characterizations inconsistent therewith.

73. Pasch denies that he violated the law. The remainder of the allegations contained in paragraph 73 of the Complaint are statements and/or legal conclusions to which no response is required.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Plaintiff is precluded from obtaining relief against Pasch because the Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff is precluded from obtaining relief against Pasch because neither Plaintiff nor any consumer has suffered damages or injury.

**Third Affirmative Defense**

Pasch did not participate in, authorize, ratify, or benefit from the alleged misrepresentations or wrongful acts that are asserted in the Complaint.

**Fourth Affirmative Defense**

Pasch did not act with scienter and acted at all times in good faith to comply with applicable laws and the Commission Order.

**Fifth Affirmative Defense**

Any purported misstatements or omissions alleged in the Complaint were, in fact, true, accurate, complete, and/or were not material to the donation decisions of a reasonable consumer.

**Sixth Affirmative Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

**Seventh Affirmative Defense**

Pasch reasonably relied on the advice of counsel with regard to his actions.

**Eighth Affirmative Defense**

The allegations contained in the Complaint are not pleaded with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**Ninth Affirmative Defense**

The Federal Trade Commission has no jurisdiction over the acts described in the Complaint.

**Tenth Affirmative Defense**

The prior agreement (File No. 972-3025) provides a rebuttable presumption "that the respondents have exercised good faith" if certain conditions are met. Pasch has met these conditions and is entitled to this presumption.

**Eleventh Affirmative Defense**

The allegations contained in the Complaint as to the acts and practices of CDG do not affect "commerce" as that term is defined in Section 4 of the FTC Act, U.S.C. § 44.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Thirteenth Affirmative Defense**

Consumer injury, if any (none being admitted), resulted from the actions of persons or entities over whom Pasch had no control.

**Fourteenth Affirmative Defense**

Pasch denies all facts not specifically and explicitly admitted in this Answer.

**Fifteenth Affirmative Defense**

Pasch and/or CDG complied with all applicable state and federal laws and regulations at all times.

**Sixteenth Affirmative Defense**

The conduct of Pasch is not the cause of any damages allegedly sustained by consumers.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred because the state agencies with jurisdiction over the business practices of CDG have approved those practices or issued regulations with which CDG has complied.

**Eighteenth Affirmative Defense**

CDG's representations and disclosures about its services are not unlawful, unfair, deceptive, or misleading under any federal or state law.

**Nineteenth Affirmative Defense**

The allegations in the Complaint as to the acts of CDG are corporate acts for which Pasch cannot be held responsible or personally liable.

**Twentieth Affirmative Defense**

Pasch reserves the right to add, alter and/or amend its defenses and affirmative defenses as necessary and as may be revealed during the course of discovery.

**PRAYER FOR RELIEF**

Pasch, having fully answered the Complaint, respectfully requests judgment in its favor, dismissal of the Complaint, and for such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pasch demands a trial by jury as to all issues so triable.


LOWENSTEIN SANDLER PC

By: /s/ Michael B. Himmel
Michael B. Himmel
Matthew Oliver
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500

Errol Copilevitz
William E. Raney
COPILEVITZ & CANTER, LLC
310 W. 20th Street, Suite 300
Kansas City, Missouri 64108
(816) 472-9000

Of Counsel

*Attorneys for Defendants*
*Civic Development Group, LLC,*
*Scott Pasch and David Keezer*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I, Michael B. Himmel, hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

I hereby certify that the foregoing statements made by me are true, except that those statements stated to be made upon information and belief I believe to be true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: /s/ Michael B. Himmel
Michael B. Himmel

Dated: December 17, 2007